■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER E. ADAMS, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered May 9, 1950 after a jury trial, convicting him of murder in the second degree, and imposing sentence. Judgment reversed on the law and new trial granted. No questions of fact were considered. We agree with the recommendation of the District Attorney that reversal and new trial are necessary in this case. Timely notice of appeal was served in 1950 and after some delay the appeal was dismissed. Many intervening applications ensued; they culminated in our order of October 28, 1963, whereby we vacated our prior order dated May 21, 1951 dismissing the appeal, reinstated the appeal, gave defendant poor person relief and assigned counsel. The official court reporter at the trial has now deposed that his stenographic notes of the attorneys' summations have been destroyed and were never transcribed. Lacking this portion of the " entire proceedings " (Code Crim. Pro., § 456), the defendant, in view of the facts in this case, would be deprived of his right to a fair and complete appellate review (see *People* v. *Mininni,* 21 A D 2d 811; *People* v. *Moorer,* 20 A D 2d 730). The summations, in their cumulative effect, could bear very heavily on the question of whether defendant had received a fair trial, especially since the trial itself was replete with judicial admonitions to both the prosecutor and the defense counsel to comport themselves properly. This factor alone is sufficient cause to distinguish *People* v. *Fearon* (13 N Y 2d 59). Ughetta, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment with the following memorandum: The absence of merely the summations of counsel should not automatically require reversal. Prejudicial summations are sometimes regarded as constituting reversible error (*People* v. *Tassiello,* 300 N. Y. 425) and sometimes not. Thus, where the guilt of the defendant is overwhelming, the erroneous summation is regarded as not prejudicial (*People* v. *Fearon,* 13 N Y 2d 59; *People* v. *Halio,* 13 N Y 2d 1073). In this case the defendant's guilt is so clear that it is wrong to conclude, not only that there was error in the summation, but that such error was so serious that it overcomes defendant's clear guilt. Nor do I consider the detective's hearsay testimony to the effect that defendant's mother had first stated she did not know defendant and then stated that he was illegitimate, to be so serious as to warrant reversal. (For prior related appeals, see 12 N Y 2d 417.)